UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. _____-Civ-_____

| | | |
|---|---|---|
| JASON COHEN, on Behalf of Himself and All Others Similarly Situated and the General Public, | ) ) ) | CLASS ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GROUPON, INC., Individually and on Behalf of All Similarly Situated Entities, and DOES 1 through 100, Inclusive, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | DEMAND FOR JURY TRIAL |

COMPLAINT FOR:

(1) VIOLATIONS OF THE CREDIT CARD ACCOUNTABILITY RESPONSIBILITY AND DISCLOSURE ACT AND THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693 *ET SEQ.*;

(2) VIOLATION OF THE DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §501.201 *ET SEQ.*;

(3) VIOLATIONS OF THE MISLEADING ADVERTISING LAW, FLA. STAT. §817.41 *ET SEQ.*;

(4) UNJUST ENRICHMENT

Case No. _____-Civ-_____

Plaintiff Jason Cohen ("Plaintiff"), by and through his undersigned counsel, brings this action on behalf of himself and on behalf of a Class of all others similarly-situated, against Defendant Groupon, Inc. ("Groupon") and the Defendant Retail Class, as defined below, for compensatory damages and equitable, injunctive, and declaratory relief.  Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations which specifically pertain to Plaintiff himself (which are alleged upon personal knowledge).

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332 and the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2).  The matter in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and some members of the class are citizens of states other than the states in which Groupon is incorporated and has its principal place of business. In addition, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

2.      This Court has personal jurisdiction over Groupon because it is authorized to do business and has conducted business in Florida, it has specifically marketed, sold and issued "groupon" gift certificates in Florida, it has sufficient minimum contacts with this State, and/or sufficiently avails itself to the markets of this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) and (b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this

Case No. _____-Civ-_____

judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.

## NATURE OF THE ACTION

4.      Plaintiff brings this action on behalf of himself and other similarly-situated consumers nationwide who purchased gift certificates for products and services from Groupon, Inc. ("Groupon"). These gift certificates, referred to and marketed as "groupons," are sold and issued with expiration dates that are deceptive and illegal under both federal and state laws.

5.      Groupon is a web-based company that purports to offer discounted deals on a wide variety of products and services, including restaurants and bars, salons and spas, clothing and other retail items, and dance classes and other instructional lessons, among other things.

6.      Groupon's business model is based on offering discounts to consumers en masse by directly partnering with retail businesses that provide the products or services. Groupon promises to increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners.

7.      Groupon and its retailer partners share in revenues from "groupon" sales. Once consumers agree to purchase a minimum, specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is triggered, and Groupon charges each consumer the advertised purchase amount. Groupon then sends a confirmatory e-mail to each purchasing consumer with a link to its website for downloading and printing the "groupon" gift certificate, which then may be redeemed with the retail business offering the product or service for a limited period of time.

Case No. _____-Civ-_____

8.      Groupon partners with hundreds, if not thousands, of retail businesses around the country, including the businesses that comprise the Defendant Retail Class, described below.

9.      The problem with Groupon's business model is that Groupon and its retail partners, sell and issue "groupon" gift certificates with relatively short expiration dates, knowing that many consumers will not use the gift certificates prior to the expiration date. However, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq.*, specifically prohibit the sale and issuance of gift certificates, such as "groupons," with expiration dates. Similarly, Florida's gift certificate law, Fla. Stat. §501.95, prohibits the sale and issuance of gift certificates with expiration dates.

10.     Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers. Groupon effectively creates a sense of urgency among consumers to quickly purchase "groupon" gift certificates by offering "Daily Deals" for a short amount of time, usually a 24-hour period. Consumers therefore feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Groupon, including illegal expiration terms, which are relatively short, often just a few months.

11.     Groupon and its retail partners bank on the fact that consumers often will not manage to redeem "groupon" gift certificates before the limited expiration period – therefore, many consumers are left with nothing, despite already having paid for the particular service or product. Accordingly, Groupon and its retail partners reap a substantial windfall from the sale of

Case No. _____-Civ-_____

gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the Florida State Legislature intended to prohibit.

12.     Plaintiff, like many unsuspecting consumers nationwide, fell victim to Groupon's deceptive and unlawful illegal conduct and purchased a "groupon" gift certificate bearing an illegal expiration date.

13.     Plaintiff, on behalf of himself and the Class, therefore brings this class action against Groupon, and the Defendant Retail Class, as defined below, and Does 1 through 100, inclusive (collectively "Defendants") for equitable (injunctive and/or declaratory) relief, violations of the CARD Act and the EFTA, 15 U.S.C. §1693 *et seq.*; Florida's Deceptive and Unfair Trade Practices Act , Fla. Stat. §501.201 *et seq.* (the "Act"); Florida's Misleading Advertising Law, Fla. Stat. §817.41 *et seq.*;  and unjust enrichment. Plaintiff seeks damages and equitable relief on behalf of himself and the Class, which relief includes, but is not limited to, full refunds for Plaintiff and Class members, compensatory and punitive damages, an order enjoining Groupon and the Defendant Retail Class from selling and issuing "groupon" gift certificates with expiration dates and other onerous terms, costs and expenses, as well as Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

## PARTIES

14.     At all times relevant to this matter, Plaintiff, Jason Cohen, resided and continues to reside in Delray Beach, Florida.  During the relevant time period, Mr. Cohen received offers for discounted products and services from Groupon and purchased two "groupon" gift

Case No. _____-Civ-_____

certificates based on representations and claims made by Groupon. The "groupon" gift certificates purchased by Mr. Cohen were subject to illegal expiration periods.

15.     Defendant, Groupon, Inc., is a privately-held company incorporated under the laws of the state of Delaware.  Groupon's corporate headquarters is located in Chicago, Illinois. Groupon also maintains an office in Palo Alto, California. Groupon is registered to do business in the state of Florida and does business in the state of Florida. Groupon markets, sells and issues its "groupon" gift certificates to millions of consumers throughout the United States, including hundreds of thousands of consumers in Florida and Palm Beach County.

16.     The Defendant Retail Class consists of business entities all over the United States that enter agreements and/or partner with Groupon to sell and issue "groupon" gift certificates with expiration dates.

17.     The true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## SUBSTANTIVE ALLEGATIONS

### Groupon's Scheme to Sell and Issue Gift Certificates with Illegal Expiration Dates

18.     Launched in November 2008, Groupon is a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying."  To take advantage of the deals offered by Groupon, consumers

Case No. _____-Civ-_____

must sign-up and provide their e-mail address and other information to Groupon.  Close to 40 million people worldwide reportedly have signed up to receive offers from Groupon.

19.     Every weekday, Groupon sends subscribers in each of the cities it operates a "Daily Deal" e-mail, promoting the particular products or services of the retail businesses with which it has partnered.  To trigger the "Daily Deal," consumers must purchase a specified number of "groupon" gift certificates for the particular product or service offered that day. Groupon sends targeted "Daily Deal" e-mails to close to 90 cities throughout the United States.

20.     To arouse consumer interest and create the urgency to buy "groupon" gift certificates, Groupon offers the "Daily Deal" for a limited amount of time, usually a 24-hour period.  This creates a "shopping frenzy" among consumers who feel pressured to purchase "groupon" gift certificates as quickly as possible.  Consumers purchase "groupon" gift certificates directly through Groupon's website, using their credit or debit cards.

21.     Groupon also uses electronic social media, such as Facebook and Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among consumers to buy "groupon" gift certificates before time runs out.

22.     Once Groupon sells the specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is officially on, and consumers are charged for the purchase. Groupon subsequently sends a confirmatory e-mail to purchasers with a link to its website, through which purchasers may download and print their "groupon" gift certificates.  Consumers may also purchase and download "groupon" gift certificates directly to their mobile phones using an application available on Groupon's website.  "Groupon" gift certificates thereafter may be directly redeemed with the retail businesses offering the products and services.

- 6 -

Case No. _____-Civ-_____

23.      Groupon imposes illegal expiration dates, among other onerous conditions, on each "groupon" gift certificate it sells and issues, to the detriment of consumers. The expiration periods on "groupon" gift certificates frequently range just a few months from the date of purchase.  Ironically, Groupon knows that after it has created a frenzy among consumers to purchase its gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration period.

24.      Accordingly, consumers often cannot take advantage of and use the product or service for which they paid before the expiration period imposed by Groupon – leaving a substantial windfall for Groupon and its retail partners.

25.      In addition to imposing illegal expiration periods, Groupon foists other deceptive and unfair conditions on consumers.  Groupon requires consumers to redeem "groupon" gift certificates in the course of a single transaction.  Consumers therefore are forced to redeem their gift certificates all at once and cannot use the gift certificates for multiple transactions or on multiple occasions.  Likewise, consumers cannot redeem any unused portion of "groupon" gift certificates for the cash amount.  Moreover, based on information and belief, Groupon does not provide cash refunds to consumers when the retail business offering the services or products refuses to honor the "groupon" gift certificate, or goes out of business.  Groupon essentially places handcuffs on the manner in which consumers can redeem their gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

Case No. _____-Civ-_____

**Groupon's Retail Business Partners Agree to Sell Gift Certificates
with Illegal Expiration Dates**

26.    Groupon focuses on two markets – the consumers who wish to obtain the advertised products or services by purchasing "groupon" gift certificates, and the retail businesses who partner with Groupon to promote their products and services.  These retail businesses, which comprise the Defendant Retail Class, are willing to partner with Groupon and offer their products and services at a discount because Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.  In fact, Groupon promises its retail partners that its "Daily Deal" promotion will bring them new customers "overnight."

27.    Groupon's business model, particularly its ability to establish partnerships with retail businesses nationwide, including members of the Defendant Retail Class, depends in large part on its systematic use of illegal expiration dates.  Groupon knows that its retail partners are not willing to offer their products and services at discount to consumers through the sale of "groupon" gift certificates, without an agreement to limit the time period for which consumers can redeem the gift certificates.  Accordingly, Groupon and its retail partners continue to flaunt the law by imposing illegal expiration dates on the "groupon" gift certificates sold to consumers.

28.    Groupon and the members of the Defendant Retail Class attempt to circumvent federal and state gift certificate laws by inserting a disclaimer on "groupon" gift certificates, through which Groupon claims to offer a refund for expired "groupons."  The disclaimer, titled "Legal Stuff We Have To Say," is buried at the bottom of "groupon" gift certificates in miniscule, barely legible font that is easily overlooked by consumers.

Case No. _____-Civ-_____

29.     Importantly, the disclaimer is found only on the "groupon" gift certificate itself, which must be downloaded and printed by the consumer.  Thus, consumers who do not download and print their "groupon" gift certificates will never have access to or knowledge of the disclaimer.

30.     Finally, the disclaimer does not excuse Defendants' placement of illegal expiration dates on "groupon" gift certificates.  As set forth below, Defendants' use of expiration dates constitutes per se violations of federal and state laws, for which there are no applicable exceptions.

31.     In any event, once "groupon" gift certificates reach their illegal expiration dates, Groupon and members of the Defendant Retail Class refuse to honor the bargain originally struck between the parties.

32.     Groupon reaps massive profits from this business model.  Groupon typically takes for itself half (50%) on the sale of each "groupon" gift certificate.  Groupon reportedly made half a billion dollars from "groupon" sales in 2010 alone.

**Plaintiff Cohen's Purchase of Groupons with an Illegal Expiration Date**

33.     On or about October 12, 2010, Plaintiff Jason Cohen received a "Daily Deal" e-mail offer from Groupon, promoting Talia's Tuscan Table restaurant in Boca Raton, Florida.

34.     Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Mr. Cohen was required to pay $7.00 to Groupon in exchange for a "groupon" gift certificate redeemable for $15.00 worth of food at Talia's Tuscan Table.

35.     "The Fine Print" section of the "Daily Deal" offer stated that the Talia's Tuscan Table "groupon" gift certificate "Expires Apr 13, 2011."  "The Fine Print" section also imposed

Case No. _____-Civ-_____

the following conditions: "Limit 2 per person. Limit 1 per table. Must use in 1 visit, no cash back. Dine-in only. Tax & gratuity not included."

36.     Mr. Cohen purchased two "groupon" gift certificates for Talia's Tuscan Table and made payment of $14.00 to Groupon through Groupon's website.

37.     Mr. Cohen subsequently received an e-mail from Groupon confirming his purchase of two Talia's Tuscan Table "groupon" gift certificates.  The e-mail contained a link to Groupon's website from which Mr. Cohen could download and print the "groupon" gift certificates.

## CLASS ALLEGATIONS

38.     Plaintiff brings this nationwide class action lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

39.     Plaintiff seeks certification of the following classes:

**Plaintiff Class (the "Class" and "Class members")**:

All persons who purchased or acquired a "groupon" gift certificate from Groupon with an expiration date of less than five years from the date of purchase.

Specifically excluded from the Class are Defendants, officers, directors or employees of Groupon and any entity in which Groupon or the Defendant Retail Class has a controlling interest and any of the affiliates, legal representatives, heirs, or assigns of Groupon or the Defendant Retail Class. Plaintiff reserves his right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

Case No. _____-Civ-_____

**Defendant Retail Class**:

All persons or entities that contract and/or partner with Groupon to promote their products and/or services using "groupon" gift certificates with expiration dates.

40.     **Numerosity**.  The Plaintiff Class comprises millions of consumers throughout Florida and the United States.  Upon information and belief, the Defendant Retail Class is comprised of more than a 1,000 entities doing business in the United States.  The Classes are so numerous that joinder of all members of the Classes is impracticable.

41.     **Commonality and Predominance**.  Common questions of law and fact exist as to Plaintiff and all Class members and predominant over any questions which affect only individual members of the Class.  These common questions of law and fact include, without limitation:

(a)     Whether Groupon, in conjunction with the Defendant Retail Class, sold and issued "groupon" gift certificates featuring and subject to expiration dates;

(b)     Whether Groupon and the Defendant Retail Class' imposition of expiration dates on "groupon" gift certificates violates federal and/or Florida state laws;

(c)     Whether Groupon and the Defendant Retail Class engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on "groupon" gift certificates and other onerous terms and conditions;

(d)     Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief; and

Case No. _____-Civ-_____

(e)　　　Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages, as well as punitive damages.

42.　　**Typicality**.　Plaintiff's claims are typical to the claims of Class members. Plaintiff and the members of the Plaintiff Class sustained damages arising out of Groupon and the Defendant Retail Class' common course of conduct in violation of law as complained of herein.　The damages of each Class member was caused directly by Groupon and the Defendant Retail Class' wrongful conduct in violation of law as alleged herein.

43.　　**Adequacy**.　Plaintiff will fairly and adequately protect the interests of the Plaintiff Class.　Plaintiff is an adequate representative of the Plaintiff Class and has no interests which are adverse to the interests of absent class members.　Plaintiff has retained counsel who have substantial experience and success in the prosecution of complex class action and consumer protection litigation.

44.　　**Superiority**.　A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable.　Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Groupon and the Defendant Retail Class' activities, would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the

Case No. _____-Civ-_____

court system of adjudication of such individualized litigation would be substantial.  The trial and litigation of Plaintiff's claims will be manageable.

## COUNT I

### Violations of the Credit Card Accountability Responsibility and Disclosure Act and Consumer Credit Protection, Electronic Fund Transfers Act, 15 U.S.C. §1693 *et seq.*, on Behalf of Plaintiff and All Class Members

45.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

46.     The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that feature and are subject to expiration dates.

47.     Groupon, and members of the Defendant Retail Class sold and issued and/or agreed to sell and issue "groupons," which are "gift certificates" as defined under 15 U.S.C. §1693*l*-1(a)(2)(B), as "groupons" constitute promises  that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

48.     At all relevant times, "Groupon" gift certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated and monitored by Groupon.

49.     "Groupon" gift certificates are not exclusively issued in paper form, as Groupon provides an e-mail link to consumers to download and print such gift certificates.  Moreover,

- 13 -

Case No. _____-Civ-_____

consumers may download "groupon" gift certificates to their mobile phones through an application available on Groupon's website.

50.     "Groupon" gift certificates are marketed and sold to the general public and are not issued as part of any loyalty, award, or promotional program.

51.     Groupon, and members of the Defendant Retail Class violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates with expiration dates, which are plainly prohibited under §1693*l*-1(a)(2)(B) and §1693*l*-1(c)(1).

52.     Pursuant to 15 U.S.C. §1693m, Plaintiff, on behalf  of himself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

## COUNT II

**Violations of the Florida Deceptive and Unfair Trade Practices Act,
Florida Statutes §501.201 *et seq.*,
On Behalf of Plaintiff and Class Members Who Reside in Florida**

53.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

54.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.* (the "Act").  The purpose of the Act is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

Case No. _____-Civ-_____

55.     Plaintiff is a consumer as defined by Fla. Stat. §501.203.  The "groupon" gift certificates sold to Plaintiff and the Class are a good within the meaning of the act.  Groupon and the Defendant Retail Class are engaged in trade or commerce within the meaning of the Act.

56.     Florida Statute §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

57.     Florida Statute §501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(1) of the Federal Trade Commission Act."  Groupon and the Defendant Retail Class' unfair and deceptive practices are likely to mislead – and have misled – consumers acting reasonably under the circumstances, and violates Fla. Stat. §500.04 and 21 U.S.C. §343.

58.     Groupon and the Defendant Retail Class have violated the Act by engaging in the unfair and deceptive practices as described herein, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.  Groupon and the Defendant Retail Class engaged in the unfair business practice of selling and issuing, or agreeing to sell or issue, "groupon" gift certificates with illegal and deceptive expiration dates.

59.     Groupon and the Defendant Retail Class have violated §501.201's prohibition against engaging in unfair and deceptive practices by, *inter alia*, selling and issuing and/or agreeing to sell and issue "groupon" gift certificates that are subject to expiration dates, which are prohibited under both federal and Florida state laws.

- 15 -

Case No. _____-Civ-_____

60.     Groupon and the Defendant Retail Class' ongoing sale and issuance of gift certificates with expiration dates violates the federal CARD Act and EFTA, 15 U.S.C. §1693 *et seq.*, as discussed above.

61.     Groupon and the Defendant Retail Class' conduct also violates Florida's gift certificate law, Fla. Stat. §501.95, by placing illegal expiration dates on the "groupon" gift certificates and Florida's Misleading Advertising law, Fla. Stat. §817.41 *et seq.*, as discussed below.

62.     Groupon, with the approval and agreement of its retail business partners, imposed other unfair conditions on its "groupon" gift certificates, including forcing consumers to redeem the gift certificates in the course of a single transaction and not providing for the exchange of any unused portion of the gift certificates for their cash value.  Groupon and the Defendant Retail Class also unfairly limited consumers from using more than one "groupon" gift certificate during each visit to the retail business offering the particular product or service.

63.     Moreover, based on information and belief, Groupon and members of the Defendant Retail Class do not provide cash refunds to consumers when the retail business offering the product or service refuses to honor the "groupon" gift certificate or goes out of business.

64.     Groupon and the Defendant Retail Class violated the Act by disseminating and/or agreeing to disseminate, through Groupon's website and other promotional channels, misleading and partial statements about "groupon" gift certificates that have a tendency to mislead the public.  Groupon and the Defendant Retail Class omitted material information about "groupon" gift certificates with the intent to induce reliance by consumers to purchase such gift certificates.

Case No. _____-Civ-_____

65.     For the reasons set forth above, Groupon and the Defendant Retail Class engaged in unfair and deceptive practices in violation of Fla. Stat. §501.201 *et seq*.

66.     Plaintiff and the Class have been aggrieved – and continue to be aggrieved – because they purchased the "groupon" gift certificates in reliance on the Groupon and the Defendant Retail Class' deceptive and unfair practices and ultimately received gift certificates with illegal expiration periods that restrict its use.

67.     Groupon and the Defendant Retail Class' conduct caused and continues to cause substantial injury to Plaintiff and other Class members.  Plaintiff has suffered injury in fact and lost money as a result of Groupon and the Defendant Retail Class' conduct.

68.     The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Groupon and the Defendant Retail Class, as more fully described herein.

69.     Pursuant to Fla. Stat. §501.211(1), Plaintiff and the Class seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Groupon and the Defendant Retail Class and for restitution and disgorgement.

70.     Additionally, pursuant to Fla. Stat. §§501.211(2) and 501.2105, Plaintiff and the Class make claims for damages, attorneys' fees and costs.

Case No. _____-Civ-_____

## COUNT III

### Misleading Advertising, Florida Statutes §817.41 *et seq.*,
### On Behalf of Plaintiff and the Class Members Who Reside in Florida

71.　　Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

72.　　Florida Statute §817.41, *et seq.* prohibits "any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement." Fla. Stat. §817.41(1).

73.　　Florida Statute §817.40 defines misleading advertisements as:

[A]ny statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services.

Fla. Stat. §817.40(5).

74.　　Groupon and the Defendant Retail Class have violated §817.41 by disseminating misleading advertisements in connection with the unfair and deceptive practices described herein.

75.　　Groupon and the Defendant Retail Class' acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and Class members. Specifically, Groupon

- 18 -

Case No. _____-Civ-_____

and the Defendant Retail Class use Groupon's website and targeted "Daily Deal" promotions, along with other social media, such as Facebook and Twitter, to extensively market and advertise the gift certificates with misleading and illegal expiration dates and other deceptive terms to consumers.

76.      By their actions, Groupon and the Defendant Retail Class disseminated various advertisements to the public, all misrepresenting the true limitations of "groupons" and their misleading and illegal expiration dates.  Groupon and the Defendant Retail Class have been and are disseminating uniform advertising concerning "groupon" gift certificates, which by its nature constitutes misleading advertisements within the meaning of Fla. Stat. §817.41 *et seq.*  Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

77.      Groupon and the Defendant Retail Class intended Plaintiff and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint.  In fact, Plaintiff and Class members relied upon the advertisements and misrepresentations to their detriment.  Plaintiff and the Class have been aggrieved by Groupon and the Defendant Retail Class' unfair and deceptive advertising in that they paid for the "groupon" gift certificates.

78.      The above described false, misleading, deceptive advertising Groupon and the Defendant Retail Class disseminated continues to have a likelihood to deceive in that Groupon and the Defendant Retail Class have failed to disclose the true and actual limitations of their gift certificates. Groupon and the Defendant Retail Class have failed to instigate a public information

Case No. _____-Civ-_____

campaign to alert consumers of these limitations, which continues to create a misleading perception of the efficacy of their gift certificates.

79.     The damages suffered by Plaintiff and the Class were directly and proximately caused by Groupon and the Defendant Retail Class' misleading advertisements, as more fully described herein.

80.     Moreover, pursuant to Fla. Stat. §817.41(6), Plaintiff and the Class seek punitive damages, as well as attorneys' fees and costs.

**COUNT IV**

**Unjust Enrichment**
**on Behalf of Plaintiff and All Class Members**

81.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

82.     Groupon and the Defendant Retail Class have received, and continue to receive, a benefit at the expense of Plaintiff and the Class members.

83.     Groupon and the Defendant Retail Class knowingly and/or recklessly sold and issued or agreed to sell and issue "groupon" gift certificates with illegal expiration dates, as well with other deceptive terms and conditions.

84.     As a direct and proximate result of Groupon and the Defendant Retail Class' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged and collected by Groupon and the Defendant Retail Class, and are therefore entitled to reimbursement of any money unjustly paid to Groupon and the Defendant Retail Class in connection with the sale of "groupon" gift certificates.

Case No. _____-Civ-_____

# PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of the Class, prays for judgment and relief against Groupon and the Defendant Retail Class as follows:

A.      For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel Wites & Kapetan, P.A. as Lead Counsel for the Class;

B.      For an order enjoining Groupon and the Defendant Retail Class from continuing to sell and issue "groupon" gift certificates and pursue the above policies, acts and practices related to the sale and issuance of such gift certificates;

C.      For an order requiring Groupon and the Defendant Retail Class to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D.      For an order awarding restitution of the monies Groupon and the Defendant Retail Class wrongfully acquired by their wrongful and illegal conduct;

E.      For an order requiring disgorgement of monies wrongfully obtained as a result of Groupon and the Defendant Retail Class' wrongful and illegal conduct;

F.      For compensatory and punitive damages, including actual and statutory damages, arising from Defendants' and the Defendant Retail Class' wrongful and illegal conduct;

G.      For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

H.      For pre-judgment and post-judgment interest at the legal rate; and

I.      For such other and further relief as the Court deems just and proper.

- 21 -

Case No. _____-Civ-_____

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

WITES & KAPETAN, P.A.
Attorneys for Plaintiff and the Class
4400 N. Federal Highway
Lighthouse Point, FL 33064
(954) 570-8989
(954) 428-3929 (fax)


By: /s/ Marc A. Wites_____
         MARC A. WITES
         Fla. Bar No.: 24783
         mwites@wklawyers.com